[Civ. No. 1793. Fourth Appellate District.—March 23, 1937.]

PACIFIC STATES SAVINGS AND LOAN COMPANY (a Corporation), Respondent, v. ESAU WORKMAN et al., Appellants.

Albert Peterson for Appellants.

John L. Mace for Respondent.

BARNARD, P. J.—The plaintiff held a trust deed on real property owned by the defendants, and which they had leased for the year 1933 on a share basis. The defendants assigned their interest in the proceeds of the crop to the plaintiff, as security for certain payments on the trust deed which were due March 1, 1933, and which were in default. The plaintiff received from these proceeds a sufficient sum to take care of the payments just mentioned, but the defendants failed to make other payments which became due on November 1, 1933. As a result of this default, after proper proceedings, the property was sold under the provisions of the trust deed on July 7, 1934, and was purchased by the plaintiff. On November 9, 1935, the plaintiff brought this action for restitution and possession of the premises. In their answer, the defendants affirmatively allege that the plaintiff accepted the assignment of their share of the 1933 crop ''in lieu of payments due to said plaintiff in 1933'', that all of such rental was paid to the plaintiff, and that the plaintiff received therefrom a sum in excess of any and all payments coming due during the year 1933. The court found in all respects in favor of the plaintiff and this appeal followed the judgment.

The appellants now concede that the respondent did not accept the assignment of rental as a payment on the trust deed, but argues that it was negligent in failing to enforce its right under the assignment; that it knew that the purchaser of the crop paid $480 of the rental share to a certain bank; that this payment was made without the knowledge or consent of the appellants; that this amount, if collected by the respondent, would have been sufficient to meet the payments which became due on November 1, 1933, and to have prevented the default which resulted in the sale of the property; and that this sale was, therefore, void.

It appears that the $480 in question was paid to the bank in payment of an obligation of the appellants. While the first-named appellant testified that this payment was made

without his knowledge or consent, this was flatly contradicted by another witness who testified that the amount in question was paid with the consent and at the direction of Mr. Workman.

Nothing more than a conflict appears, and it may also be observed that while the appellants contend that the respondent failed to use due diligence in endeavoring to collect the moneys coming due under the assignment of rental this contention is supported neither by the allegations of the answer nor by any evidence which is called to our attention.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.